CITY of LAS VEGAS, Petitioner,

v.

Honorable Roger D. FOLEY, Judge of the United States District Court, District of Nevada, Respondent,

and

Lydo Enterprises, Inc., a Nevada corporation, dba Book City News Stand; Cinema Arts, Inc., a Nevada corporation, dba The Book Store; Fifteenth Street Theatre Corporation, a Nevada corporation, dba Erotic Cinemas 1 & 2; Central City News Company, a Delaware corporation, dba Downtown Book Store; Exterior News Company, a Delaware corporation, dba Denmark Book Store; Talk of the Town Bookstore, Inc., a Delaware corporation, dba Pearl Adult Bookstore, Real Parties in Interest.

No. 84–7268.

United States Court of Appeals, Ninth Circuit.

Submitted July 2, 1984.

Decided Nov. 21, 1984.

Janson F. Stewart, Las Vegas, Nev., for petitioner.

John H. Weston, Robert Sarno, Brown, Weston & Sarno, Beverly Hills, Cal., for respondent.

**1296**

Before WRIGHT, CHOY, and POOLE, Circuit Judges.

POOLE, Circuit Judge:

This discovery dispute arose in connection with a constitutional challenge to a Las Vegas zoning ordinance which restricts the location of sexually oriented businesses. After the parties completed discovery, Lydo Enterprises, Inc., ("Lydo"), sought to reopen, arguing that this court's opinion in *Tovar v. Billmeyer*, 721 F.2d 1260 (9th Cir.1983), *cert. denied*, ─── U.S. ───, 105 S.Ct. 223, 83 L.Ed.2d 152 (1984), allowed it to depose city officials to determine their "motives" for enacting the zoning ordinance. The City moved for a protective order. The magistrate denied the motion, and the district court affirmed. The City then filed an application with this court pursuant to 28 U.S.C. § 1651(a) for a Writ of Prohibition and/or Mandamus directing the Honorable Roger D. Foley, Judge of the United States District Court, District of Nevada, to grant a protective order prohibiting Lydo from deposing the officials.

### I.

This petition presents two issues:

1. Whether this is an appropriate case for mandamus review?

2. Whether the writ should issue directing the district court to grant the protective order?

### II.

█ Mandamus is an extraordinary remedy. to be used only in exceptional circumstances. *Kerr v. United States District Court*, 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976); *Bauman v. United States District Court*, 557 F.2d 650, 654 (9th Cir.1977). In determining whether to issue the writ this circuit considers several general guidelines:

(1) whether the party seeking the writ has no other adequate means, such as direct appeal, to attain the relief he desires; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the district court's order is clearly erroneous as a matter of law; (4) whether the district court's order is an oft repeated error or manifests persistent disregard for the federal rules; and (5) whether the district court's order raises new and important problems or issues of law of first impression.

*In re Cement Antitrust Litigation*, 688 F.2d 1297, 1301 (9th Cir.1982), *aff'd*, 459 U.S. 1191, 103 S.Ct. 1173, 75 L.Ed.2d 425 (1983) (citing *Bauman*, 557 F.2d at 654–55).

█ This is an appropriate case for exercise of our mandamus jurisdiction. It presents an important issue of first impression, requiring interpretation of a recent opinion of this court, *Tovar v. Billmeyer*, 721 F.2d 1260 (9th Cir.1983). The question is whether, under *Tovar*, legislators can be deposed solely to determine their subjective motives for enacting ordinances challenged as violative of the First Amendment. The Supreme Court found mandamus review appropriate in *Schlagenhauf v. Holder*, 379 U.S. 104, 110–11, 85 S.Ct. 234, 238–39, 13 L.Ed.2d 152 (1964), where there was an issue of first impression concerning Fed.R. Civ.P. 35 in a new context and a substantial allegation of usurpation of power by a district court in ordering mental and physical examinations.

Resolution of this issue would substantially aid the administration of justice. *See United States v. United States District Court*, 717 F.2d 478, 481 (9th Cir.1983); *Cement Antitrust Litigation*, 688 F.2d at 1301. If the *Tovar* opinion is read to stand for the proposition that legislative motives are properly discoverable, then legislators could be deposed in every case where the governmental interest in a regulation is challenged. Such a practice would be contrary to the Supreme Court's longstanding rejection of the use of legislative motives.

*Fletcher v. Peck,* 10 U.S. 87, 130–31, 3 L.Ed. 162 (1810).

Another factor favoring mandamus review is the absence of an adequate, alternative means of review. A discovery order, unlike a final order, is interlocutory and non-appealable under 28 U.S.C. § 1291. *Hartley Pen Co. v. United States District Court,* 287 F.2d 324, 326–27 (9th Cir.1961). Appeal is not allowed under 28 U.S.C. § 1292(a)(1) because the order does not grant or deny an injunction. Review under 28 U.S.C. § 1292(b) is not available because this is not a "controlling question of law" that would be appropriate for § 1292(b) certification. Mandamus review has been held to be appropriate for discovery matters which otherwise would be reviewable only on direct appeal after resolution on the merits. *See United States v. United States District Court,* 717 F.2d at 481; *United States v. West,* 672 F.2d 796, 798 (10th Cir.1982), *cert. denied,* 457 U.S. 1133, 102 S.Ct. 2959, 73 L.Ed.2d 1350 (1982); *Hartley Pen Co. v. United States District Court,* 287 F.2d at 327.

These exceptional circumstances warrant exercising our jurisdiction under the All Writs Act, 28 U.S.C. § 1651(a).

### III.

■ Lydo argues that the depositions will provide relevant and needed information to support its challenge under the First and Fourteenth Amendments. Regulations challenged under the First Amendment must be supported by a substantial governmental interest unrelated to the content of speech, and any incidental restrictions on free expression must be no greater than essential to further that governmental interest. *United States v. O'Brien,* 391 U.S. 367, 377, 88 S.Ct. 1673, 1679, 20 L.Ed.2d 672 (1968); *accord City Council of Los Angeles v. Taxpayers for Vincent,* — U.S. —, 104 S.Ct. 2118, 2129, 80 L.Ed.2d 772 (1984); *Schad v. Borough of Mount Ephraim,* 452 U.S. 61, 70, 101 S.Ct. 2176, 2183, 68 L.Ed.2d 671 (1981); *Young v. American Mini Theatres, Inc.,* 427 U.S. 50, 79–80, 96 S.Ct. 2440, 2456–2457, 49 L.Ed.2d 310 (1976) (Powell, J., concurring); *Kuzinich v. County of Santa Clara,* 689 F.2d 1345, 1347–49 (9th Cir.1982).

■ The relevant governmental interest is determined by objective indicators as taken from the face of the statute, the effect of the statute, comparison to prior law, facts surrounding enactment of the statute, the stated purpose, and the record of proceedings. *See, e.g., Young v. American Mini Theaters,* 427 U.S. at 71–72, 96 S.Ct. at 2452–2453; *Schad v. Borough of Mount Ephraim,* 452 U.S. at 72–74, 101 S.Ct. at 2184–2185; *Soon Hing v. Crowley,* 113 U.S. 703, 710–11, 5 S.Ct. 730, 734–35, 28 L.Ed. 1145 (1885); Note, *Legislative Purpose and Federal Constitutional Adjudication,* 83 Harv.L.Rev. 1887, n. 1 (1970).

The Supreme Court has held that an otherwise constitutional statute will not be invalidated on the basis of an "alleged illicit legislative motive," *United States v. O'Brien,* 391 U.S. at 383, 88 S.Ct. at 1682, and has refused to inquire into legislative motives. *Tenney v. Brandhove,* 341 U.S. 367, 377, 71 S.Ct. 783, 788, 95 L.Ed. 1019 (1951); *Arizona v. California,* 283 U.S. 423, 455, 51 S.Ct. 522, 526, 75 L.Ed. 1154 (1931); *Soon Hing v. Crowley,* 113 U.S. at 710–711, 5 S.Ct. at 734–735; *Fletcher v. Peck,* 10 U.S. at 130–31, 3 L.Ed. 162; *see also May v. Cooperman,* 572 F.Supp. 1561, 1564 n. 2 (D.N.J.1983) (state legislators could not be deposed to determine the purpose of a "moment of silence" law challenged under the First Amendment).

The Court prevents inquiry into the motives of legislators because it recognizes that such inquiries are a hazardous task. Individual legislators may vote for a particular statute for a variety of reasons. *United States v. O'Brien,* 391 U.S. at 384, 88 S.Ct. at 1683; *Michael M. v. Sonoma County Superior Court,* 450 U.S. 464, 469–70, 101 S.Ct. 1200, 1204–05, 67 L.Ed.2d 437 (1981). "The diverse character of such motives, and the impossibility of penetrating into the hearts of men and ascertaining the truth, precludes all such inquiries as impracticable and futile." *Soon Hing v.*

*Crowley,* 113 U.S. 703, 710–11, 5 S.Ct. 730, 734–35, 28 L.Ed. 1145 (1885).

■ Allowing discovery of legislative motives, as Lydo suggests, would not only create a major departure from the precedent rejecting the use of legislative motives, but is also inconsistent with basic analysis under the First Amendment which has not turned on the motives of the legislators, but on the effect of the regulation.

Justice Powell's concurring opinion in *Young v. American Mini Theaters* states that

[t]he inquiry for First Amendment purposes ... looks only to the effect of [the] ordinance upon freedom of expression. This prompts essentially two inquiries: (i) Does the ordinance impose any content limitation on the creators of adult movies or their ability to make them available to whom they desire, and (ii) does it restrict in any significant way the viewing of these movies by those who desire to see them?

427 U.S. at 78, 96 S.Ct. at 2456. Courts must look to the effect of a regulation to determine if there is a substantial governmental interest.

■ Regulations that impinge on fundamental rights are subject to strict scrutiny. *Harper v. Virginia Board of Elections,* 383 U.S. 663, 670, 86 S.Ct. 1079, 1083, 16 L.Ed.2d 169 (1966). If the only interest the government asserts for the restriction is the suppression of free speech, then the regulation must fail for lack of a substantial governmental interest unrelated to content. However, the Supreme Court has not said that if the regulation is supported by a substantial interest, or if it does not actually restrict speech, it still will be invalidated if those who voted for it had illicit motives. *O'Brien,* 391 U.S. at 383, 88 S.Ct. at 1682.

Even where a plaintiff must prove invidious purpose or intent, as in racial discrimination cases, the Court has indicated that only in extraordinary circumstances might members of the legislature be called to testify, and even in these circumstances the testimony may be barred by privilege. *Village of Arlington Heights v. Metropolitan Housing Corp.,* 429 U.S. 252, 268, 97 S.Ct. 555, 565, 50 L.Ed.2d 450 (1977) citing *Tenney v. Brandhove,* 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951).

■ Lydo's argument that *Tovar* creates an exception to the general rule and thereby allows discovery of a legislator's subjective motivations is based on the language in *Tovar* that states "the district court must ... determine whether a *motivating factor* in the zoning decision was to restrict plaintiffs' exercise of first amendment rights," 721 F.2d at 1266 (emphasis added), and the "[p]laintiffs must be given the opportunity to *explore fully the Council's motivations at trial." Id.* at 1265 (emphasis added).

We do not approve Lydo's contention that *Tovar* allows them to discover the Council members' subjective motivations. First, *Tovar* does not even discuss Supreme Court precedent to the contrary. It is highly improbable that the court would undertake the task of creating new law without some mention of the obstacles in its path.

Second, the admissibility of deposition testimony concerning the Council members' subjective motivations was not an issue before the Court. The parties did not raise this issue and the court had no occasion to consider it.

Third, the deposition testimony in *Tovar* objectively indicated the Council's purpose in making the zoning decision. For example, defendant Billmeyer testified that he, in his capacity as mayor, called the special September 2nd meeting "to see what the City Council could do about getting the [plaintiffs'] Gallery Theater out of Pocatello." Defendant Ellis, the City's building inspector, testified that he was instructed by Mayor Billmeyer to deny the building permit when plaintiffs applied for one. This evidence was properly admissible because it showed the chain of events from which intent may be inferred, rather than merely the subjective intent of individual legislators.

The remaining evidence considered by the court in *Tovar* demonstrated the extraordinary nature of the City Council's decision-making process, and cast suspicion on its motives. The evidence showed that the Council called a special meeting without notice. At that meeting, the Council decided to deny Tovar a building permit although no application had been submitted. One Council member testified that the procedural handling of the matter was. unusual and that she could not recall another situation being similarly handled. Moreover, this meeting was the first time in the zoning code's six year history that the Council had adopted an interpretation of the term "amusement enterprise" to include indoor movie theaters. This last evidence supports plaintiffs' allegation that the new zoning interpretation was specifically directed at their theater.

Thus, *Tovar* provides inadequate support for plaintiffs' contention that inquiry into legislators' individual motivations is a proper avenue of discovery when challenging a statute as violating the First Amendment. The mere statement that the issue is whether a "motivating factor" in the zoning decision was to restrict plaintiffs' exercise of First Amendment rights is not sufficient to shift the focus of inquiry from the objective manifestations of legislative purpose to the subjective motivations of individual legislators. Any broader interpretation of *Tovar* would be inconsistent with the Supreme Court's precedents in the First Amendment area, and we would hesitate without much more explicit indicia to impute such inconsistency.

Nor does *Ebel v. City of Corona,* 698 F.2d 390 (9th Cir.1983), support plaintiffs' argument. In *Ebel,* we stated, "If, at trial, Ebel can demonstrate the *real purpose* of the Corona ordinance was to run her adult bookstore out of town," 698 F.2d at 393 (emphasis added), then the ordinance would violate the First Amendment.

*Ebel* does no more than follow long established law that purposeful suppression of free expression is unconstitutional. *Id.* Assuming that the standard of review is

still that set forth in *Ebel,* objective evidence in that case indicated that the defendant city was attempting to suppress free speech. Ebel's was the only adult bookstore in town. It is doubtful that forcing it to relocate could have much of an impact on urban blight. No matter where located, the establishment would have a limited impact on the surrounding community. As the court stated, the facts sufficiently indicated that the City of Corona's only purpose was to harass the bookstore, *id.,* by requiring it to relocate.

### IV.

We find in neither *Tovar* nor *Ebel* a basis for allowing the officials to be deposed to determine their individual motives for enacting the regulation. The writ shall issue directing the district court to determine whether and to what extent deposition testimony may be useful, limited to establishing relevant objective circumstances under which the ordinance was enacted, and to grant an appropriate protective order consistent with this opinion.