UNITED STATES of America, Plaintiff,

v.

Kenneth A. LEE, Defendant.

UNITED STATES of America, Plaintiff,

v.

Rhonda WATSON, Defendant.

UNITED STATES of America, Plaintiff,

v.

George M. ILAE, Defendant.

UNITED STATES of America, Plaintiff,

v.

Enrilo D. UGALDE, Defendant.

UNITED STATES of America, Plaintiff,

v.

Daniel J. COEN, Defendant.

UNITED STATES of America, Plaintiff,

v.

John C. HOUCK, Defendant.

UNITED STATES of America, Plaintiff,

v.

Heidemarie JOACQUIN, Defendant.

UNITED STATES of America, Plaintiff,

v.

Clifford M. SHUE, Jr., Defendant.

UNITED STATES of America, Plaintiff,

v.

Angela P. SOTO, Defendant.

UNITED STATES of America, Plaintiff,

v.

Fernando LARONAL, Defendant.

STATES of America, Plaintiff,

v.

L. ROBINSON, Defendant.

UNITED STATES of America, Plaintiff,

v.

Roger L. DAVIS, Defendant.

Cr. Nos. 84–00586, 84–02439, 84–02674, 84–03036, 84–03037, 84–03144, 84–03287, 84–03399, 84–03400, 84–03409 to 84–03411.

United States District Court,
D. Hawaii.

Feb. 7, 1985.

Daniel A. Bent, U.S. Atty., Mark J. Bennett, Asst., U.S. Atty., Honolulu, Hawaii for plaintiff.

Kenneth Lee, pro se.

Hayden Aluli, Asst. Federal Public Defender, Honolulu, Hawaii, for defendant Rhonda Watson.

Heidemarie Joaquin, pro se.

Clifford M. Shue, Jr., pro se.

Angela P. Soto, pro se.

Fernando Laronal, pro se.

Thomas Robinson, pro se.

Roger L. Davis, pro se.

Rand Amen, Honolulu, Hawaii, for defendant George M. Ilae.

Enrilo P. Ugalde, pro se.

Daniel Coen, pro se.

John C. Houck, pro se.

## DECISION

PENCE, District Judge.

This case involves the prosecution of civilians who allegedly violated vehicular traffic regulations on United States Air Force bases in Hawaii. The United States (Air Force) seeks to prosecute civilians through the United States District Court and to prosecute its military personnel through Air Force procedures. The United States District Court of Hawaii maintains a policy of accepting jurisdiction over traffic regulation cases occurring on military bases only if no distinction is made between its jurisdiction over, civilians and Air Force personnel on base.

Pursuant to the District Court's above policy, and because the Air Force insisted on retaining jurisdiction over its Air Force personnel, United States Magistrate Bert S. Tokairin refused to hear the civilian traffic cases emanating from the Air Force Base, remanding those cases to the Air Force Office of the Staff Judge Advocate. The Air Force now seeks a writ of mandamus and prohibition ordering Magistrate Tokairin to hear its civilian traffic cases and prohibiting him from making similar orders in the future. Alternatively, the Air Force seeks an appeal of Magistrate Tokairin's Order remanding the cases. For the rea-

**418**

sons stated below, the writ is DENIED and the appeal is DISMISSED.

### I. *Due Process*

 Due process under the Fifth Amendment of the United States Constitution includes freedom from selective prosecution based on an unjustifiable, arbitrary standard. *United States v. Steele*, 461 F.2d 1148, 1151 (9th Cir.1972) (selective prosecution for failure to complete federal census could not be based on exercise of free speech). Once evidence is presented that creates a strong inference of discriminatory prosecution, the government has the burden of showing that the selection process rests upon some valid ground. *United States v. Steele, supra,* 461 F.2d at 1152.

 Here, the Air Force seeks to separate violators of its traffic regulations into two groups, civilian and military personnel. Civilians would be subject to prosecution in the District Court, which may and often does result in fines, an increase in automobile insurance premiums, and the suspension of a driver's license. On the other hand, Air Force personnel, under the procedures of its own Office of the Staff Judge Advocate, might escape criminal adjudication completely. Disparate treatment of civilians and military personnel would result because the District Court would not know of the sentences or sanctions imposed upon military personnel, and would be unable to impose similar sentences upon civilians.

While such a disparity in adjudication might be valid in some situations, the Air Force has not offered any justification here. Negating the Air Force's contentions, the Department of Defense (DoD) policy indicates that a distinction for traffic violations is unwarranted. 32 C.F.R. § 1290.5 (1984) states:

DoD Instruction 6055.4 requires that *all traffic violations* occurring on DoD installations *be referred to the appropriate United States Magistrate, or State or local system magistrate, in the interest of impartial judicial determination* and effective law enforcement. Exceptions will be made only for those rare violations in which military discipline is the paramount consideration, or where the Federal court system having jurisdiction has notified the PLFA commander it will not accept certain offenses for disposition. (Emphasis added.)

Thus, the distinction between treatment of civilians and military personnel now sought by the Air Force is unsupported by any justifiable basis and is contrary to the Department of Defense policy for achievement of impartial judicial determinations. The distinction now sought by the Air Force would deny civilians on its bases due process of law.

### II. *Writ of Mandamus*

 A writ of mandamus is an extraordinary remedy that is only granted in limited situations. A court will consider: (1) whether the party seeking a writ has no other adequate means, such as direct appeal, to attain the relief he desires; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the [magistrate's] order is clearly erroneous as a matter of law; (4) whether the [magistrate's] order is an oft repeated error or manifests persistent disregard for the federal rules; and (5) whether the [magistrate's] order raises new and important problems or issues of law of first impression.

*City of Las Vegas v. Foley,* 747 F.2d 1294, 1296 (9th Cir.1984) (quoting *In re Cement Antitrust Litigation,* 688 F.2d 1297, 1301 (9th Cir.1982), *affd.,* 459 U.S. 1191, 103 S.Ct. 1173, 75 L.Ed.2d 425 (1983)).

 First, the Air Force here does have other means to enforce traffic regulations against civilians. It may refer traffic violations to state or city magistrates, may refer all of its traffic violations to the United States District Court, or may retain jurisdiction for itself. Second, since the Air Force has other remedies available, the Air Force would not suffer irreparable damage by the denial of the writ. Third, and most

important, Magistrate Tokairin's order was not erroneous as a matter of law. If Magistrate Tokairin had attempted arbitrarily to distinguish the prosecutions of civilians merely because they were non-military, he would have violated the civilians' right to due process. Fourth, Magistrate Tokairin was following the policy of the court, not disregarding it. And fifth, Magistrate Tokairin's order did not raise new or important problems or issues of law, but, rather, enforced the civilians' right to due process. Thus, mandamus is not warranted here.

■ Moreover, a writ of mandamus is an equitable remedy which a court, in its sound discretion, may refuse to grant where the ·remedy would work a public injury. *United States ex rel. Greathouse v. Dern*, 289 U.S. 352, 360, 53 S.Ct. 614, 617, 77 L.Ed. 1250 (1933). Here, the public would be injured if this court allowed the Air Force to prosecute civilians selectively, denying them due process, and impairing the administration of impartial justice. This court therefore *refuses* to issue a writ of mandamus and prohibition ordering Magistrate Tokairin to hear the Air Force's civilian traffic cases in District Court and prohibiting him from issuing similar orders in the future.

III. *Appeal*

■ The Air Force alternatively requests that its motion for the issuance of the writ of mandamus be considered an appeal of Magistrate Tokairin's order remanding the cases. 18 U.S.C. § 3401(a) (1984) provides a magistrate designated by the district court with jurisdiction to try persons accused of committing misdemeanors. *United States v. Byers*, 730 F.2d 568 (9th Cir.), *cert. denied,* — U.S. ——, 105 S.Ct. 333, 83 L.Ed.2d 270 (1984). The Rules of Procedure for the Trial of Misdemeanors before United States Magistrates, promulgated in 1980 by the United States Supreme Court pursuant to 18 U.S.C. § 3402 (1969), *reprinted in* 18 U.S.C. 112 (1984 Supplement), governs the appeal of the magistrate's orders in misdemeanor cases. Rule 7(a) provides that, *inter alia*, a decision or order by a magistrate is subject to appeal to the district court if a similar order by a judge of the district court would be subject to appeal.

The Air Force cites 18 U.S.C. § 3731 (1984) to show that Magistrate Tokairin's order to remand the cases would be subject to appeal if it had been made by a district court. 18 U.S.C. § 3731 concerns orders dismissing an indictment or information and orders suppressing evidence, neither of which is relevant here. Magistrate Tokairin's order did not dismiss the charges against the civilians, but rather remanded their cases back to the Air Force.

■ Moreover, even if Magistrate Tokairin's order were subject to appeal, Rule 7(e) provides that "The scope of appeal shall be the same as on an appeal from a judgment of a district court to a court of appeals." This court would find that Magistrate Tokairin did not err as a matter of law, and would affirm his order.

The Air Force also cites 28 U.S.C. § 636 (1984) to show that an appeal is justified. 28 U.S.C. § 636 provides that a party may serve and file written objections to a magistrate's findings and recommendations, and that a district court shall make a *de novo* determination of those findings and recommendations. 28 U.S.C. § 636, however, only applies to pretrial matters, posttrial relief, and prison conditions.

IV. *Conclusion*

The Air Force's Motion for a Writ of Mandamus is DENIED and its "appeal" is DISMISSED.