821 F.2d 1422
 8 Fed.R.Serv.3d 596
 In re NATIONAL MORTGAGE EQUITY CORPORATION MORTGAGE POOL
CERTIFICATES LITIGATION, Defendant-Appellant.
The BANK OF AMERICA, Plaintiff-Appellee,
v.
David A. FELDMAN; National Mortgage Equity Corporation,
Defendant-Appellant.
 No. 86-5880.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 9, 1987.
Decided July 15, 1987.
 
 Alan D. Bersin, Anne H. Egerton, Susan E. Nash, Los Angeles, Cal., for plaintiff-appellee.
 Charles C. Wehner, Rodney M. Perlman, Karen A. Rooney, Los Angeles, Cal., for defendants-appellants.
 Appeal from the United States District Court for the Central District of California.
 Before ANDERSON, SKOPIL, and REINHARDT, Circuit Judges.
 SKOPIL, Circuit Judge:
 
 
 1
 Defendants/appellants National Mortgage Equity Corporation and David Feldman (NMEC) appeal the district court's order denying their motion for a protective order and stay. The district court granted a motion to compel the production of documents from a third-party witness. We dismiss the appeal for lack of jurisdiction.
 
 FACTS AND PROCEEDINGS BELOW
 
 2
 The dispute arises out of litigation by Bank of America (B of A) against NMEC, David Feldman, and others concerning a series of transactions in which NMEC sold certificates representing ownership of pools of mortgage loans to numerous institutional investors.
 
 
 3
 B of A served NMEC's accounting firm, Pat Stein Accountancy Corporation, and Pat Stein with a deposition subpoena requiring her to produce documents. Stein appeared for the deposition but, on instructions from NMEC's counsel, refused to answer substantive questions or to produce any documents. NMEC asserted at the deposition that the documents were protected by a privilege rooted in state law. NMEC claimed an accountant-client privilege as well as a privilege to the confidentiality of tax returns and tax return information.
 
 
 4
 B of A then obtained from the magistrate an order compelling Stein's testimony and the production of the subpoenaed documents, except tax returns, by May 15, 1986. The district court upheld the order but interpreted the exclusion of tax returns to include "(1) tax returns; (2) drafts of tax returns; and (3) working papers prepared directly in the process of preparing tax returns." The district court denied NMEC's request for a protective order and a stay of the order pending appeal. Both the magistrate and the district court imposed sanctions.
 
 
 5
 NMEC appealed to this court. It first sought to stay implementation of the order compelling the deposition and a protective order concerning the documents at issue. B of A sought to dismiss the appeal for lack of jurisdiction. On May 14, 1986 a motions panel denied the motion for a stay and referred the motion to dismiss the appeal to this panel. The deposition was held as scheduled. Stein answered questions and produced some of the requested documents. Eventually, all the disputed documents were turned over to B of A pursuant to a stipulation that the documents would be returned if NMEC is successful on appeal.
 
 DISCUSSION
 
 6
 An order compelling discovery is not a final judgment under 28 U.S.C. Sec. 1291 (1982). See City of Las Vegas v. Foley, 747 F.2d 1294, 1297 (9th Cir.1984). The general rule is that a party not wishing to comply with a subpoena must risk a contempt order before it may appeal the issue. See In re Grand Jury Subpoena (Niren), 784 F.2d 939, 941 (9th Cir.1986) (citing United States v. Ryan, 402 U.S. 530, 533, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971), Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940)). NMEC attempts to obtain jurisdiction invoking an exception to the rule prohibiting interlocutory appeals.
 
 A. The Perlman Rule
 
 7
 NMEC's first contention is that this case falls within an exception created by Perlman v. United States, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918). Under the Perlman rule an immediate appeal is proper if it is unlikely that the third party will risk a contempt citation simply to create a final order for the person asserting the privilege. Newton v. National Broadcasting Co., 726 F.2d 591, 593 (9th Cir.1984) (citing United States v. Nixon, 418 U.S. 683, 691, 94 S.Ct. 3090, 3099, 41 L.Ed.2d 1039 (1974)). We have applied the Perlman rule in a grand jury setting when a party sought immediate review of an order compelling testimony or documents from the party's attorney. See In re Grand Jury Proceedings (Schofield), 721 F.2d 1221, 1222 (9th Cir.1983); In re Grand Jury Subpoenas Duces Tecum (Lahodny), 695 F.2d 363, 364-65 (9th Cir.1982). But see Niren, 784 F.2d at 941 (finding that the Perlman rule does not apply to an order directed to a party's in-house counsel).
 
 
 8
 This court has never considered whether an appeal under the Perlman doctrine is permissible in a civil setting or to an accountant-client relationship, and we do not reach those issues in this case. We decline to find jurisdiction here because Stein has already testified and produced the documents requested by B of A. It would therefore be impossible for us to provide effective relief. See Newton, 726 F.2d at 593 ("Any evidentiary privilege ... is liable to being irretrievably breached once the material for which the privilege is claimed has been disclosed"). In William T. Thompson Co. v. General Nutrition Corp., 671 F.2d 100, 103 (3rd Cir.1982), the Third Circuit permitted an appeal even though the information had already been revealed. In that case, however, the deposition was noticed for a circuit other than that in which the action was pending. Id. at 102. Thus in Thompson no review of the enforcement proceeding would have been available after a final judgment on the merits. Id.
 
 
 9
 NMEC suggests that we direct the district court to issue a protective order preventing use of the material in this and other related proceedings. It argues that we can "control the damage" by limiting the use of the alleged privileged information. Because it has taken every possible measure to avoid disclosure of the information, NMEC maintains that disclosure of the information does not affect our jurisdiction under Perlman.
 
 
 10
 The fashioning of such a remedy does not, however, fall within the scope of the Perlman rule. Perlman applies only if its application will prevent the disclosure of privileged information. If the third party has already disclosed the information, the reason for expedited review no longer exists. Review is not available to determine whether previously disclosed material should be the subject of a protective order or whether the material is admissible at trial. These matters are for the district court and will properly be before us after the district court has issued its final judgment. Perlman does not confer jurisdiction in this case.
 
 B. Collateral Order Doctrine
 
 11
 NMEC also attempts to establish jurisdiction under the collateral order doctrine. See Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 547, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949). The collateral order doctrine allows an appeal if the issue falls within " 'that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.' " Mitchell v. Forsyth, 472 U.S. 511, 524-25, 105 S.Ct. 2806, 2814-15, 86 L.Ed.2d 411 (1985) (quoting Cohen, 337 U.S. at 546, 69 S.Ct. at 1225). The interlocutory order must (1) conclusively determine the disputed question; (2) resolve an important issue separate from the merits; and (3) be effectively unreviewable on appeal from a final judgment. Stringfellow v. Concerned Neighbors in Action, --- U.S. ----, 107 S.Ct. 1177, 1181-82, 94 L.Ed.2d 389 (1987) (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978)). Although the collateral order rule has been applied in a variety of circumstances, courts have generally denied review of pretrial discovery orders. See Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 377, 101 S.Ct. 669, 675, 66 L.Ed.2d 571 (1981); see also In re Subpoena Served on California Public Utilities Comm'n, 813 F.2d 1473, 1476 (9th Cir.1987).
 
 
 12
 We decline to exercise jurisdiction under the collateral order doctrine for the same reason that we find there is no jurisdiction under Perlman. NMEC has already produced the requested documents, and we cannot restore the privilege. The issues which remain will be reviewable on appeal from the final judgment. We find no reason to depart from the "strong congressional policy against piecemeal review...." Nixon, 418 U.S. at 690, 94 S.Ct. at 3099.
 
 C. Writ of Mandamus
 
 13
 NMEC argues in the alternative that the appeal may be construed as a writ of mandamus under 28 U.S.C. Sec. 1651 (1982). See United Sewer Agency of Washington County v. Jelco, Inc., 646 F.2d 1339, 1343 (9th Cir.1981) (construing an appeal from an unappealable order as a writ of mandamus). Mandamus is an extraordinary remedy to be used only in exceptional circumstances. Foley, 747 F.2d at 1296 (citing Kerr v. United States District Court, 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976)). Mandamus review is occasionally appropriate for discovery matters which otherwise would only be reviewable on direct appeal after resolution of the merits. Foley, 747 F.2d at 1297.
 
 
 14
 We consider five factors in determining whether a case is appropriate for mandamus review. Those factors are:
 
 
 15
 1. Whether the party seeking the writ has no other adequate means to obtain the desired relief.
 
 
 16
 2. Whether the petitioner will be prejudiced or damaged in such a way as to be irremediable on direct appeal.
 
 
 17
 3. Whether the district court's order is clearly erroneous as a matter of law.
 
 
 18
 4. Whether the district court's order is an oftrepeated error or manifests a pattern evincing a consistent disregard for the federal rules of procedure.
 
 
 19
 5. Whether the district court's order raises new, important, or unique issues, generally of first impression.
 
 
 20
 Armster v. United States Dist. Court, 806 F.2d 1347, 1352 (9th Cir.1986) (citing Bauman v. United States Dist. Court, 557 F.2d 650 (9th Cir.1977)). These factors are " 'not susceptible of mechanical application' and are only a 'useful starting point.' " Armster, 806 F.2d at 1352 (quoting In re Cement, 688 F.2d 1297, 1301 (9th Cir.1982), aff'd for lack of a quorum, 459 U.S. 1191, 103 S.Ct. 1173, 75 L.Ed.2d 425 (1983)).
 
 
 21
 This case is not an appropriate one for exercise of mandamus jurisdiction. NMEC fails to meet the Bauman standards. Because the alleged privilege has already been breached, review at this stage in the proceedings would not provide NMEC with the relief it desires. Nor will NMEC be prejudiced or damaged by our refusal to reach the merits. Any remedy that might be available will also be available after a final judgment is reached. We decline to construe the appeal as a writ of mandamus.
 
 D. Sanctions
 
 22
 For the same or similar reasons we decline to review the propriety of the imposition of sanctions on NMEC and its attorneys. It is not appealable at this juncture. See Kordich v. Marine Clerks Ass'n, 715 F.2d 1392 (9th Cir.1983) (per curiam).
 
 
 23
 DISMISSED.