12 F.3d 1108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David STANION, Plaintiff-Appellant,
v.
SECRETARY OF THE AIR FORCE, Defendant-Appellee.
 No. 93-16379.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Nov. 22, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Stanion appeals pro se the district court's denial of his request for preliminary injunctive relief against the Secretary of the United States Air Force and others.[1] We have jurisdiction under 28 U.S.C. Sec. 1292(a)(1). We will reverse the district court's denial of preliminary injunctive relief "only when the district court abused its discretion." Religious Technology Ctr., Church of Scientology Int'l, Inc. v. Scott, 869 F.2d 1306, 1309 (9th Cir.1989).
 
 
 3
 Stanion contends that the district court erred in denying his motion for a injunctive relief. We disagree. Rule 65(a)(1) of the Federal Rules of Civil Procedure provides that "[n]o preliminary injunction shall be issued without notice to the adverse party." See Klaus v. Hi-Shear Corp., 528 F.2d 225, 234 (9th Cir.1975). Here, there was no evidence of service on adverse parties. Moreover, at the time the motion was filed, Stanion had not filed an amended complaint as instructed by the district court. Given the vague and conclusory allegations underlying Stanion's original complaint, the district court did not abuse its discretion by denying the request for injunctive relief.[2]
 
 
 4
 AFFIRMED.
 
 
 
 *
 Appellant's letter dated 28 October 1993 is construed as a request for oral argument. The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although only the Secretary of the United States Air Force is named in Stanion's complaint, he sought injunctive relief against the Phoenix Police Department, Arizona State Police Department, Federal Bureau of Investigation, "Air Force, Army and Navy intelligence clandestine units," and the United States Veteran's Administration
 
 
 [2]
 Stanion contends on appeal that the district court improperly denied his requests for pre-complaint discovery. He argues on appeal that these materials were necessary for him to file an amended complaint. Because discovery orders are not immediately appealable, see City of Las Vegas v. Foley, 747 F.2d 1294, 1297 (9th Cir.1984), we decline to address this issue in the context of his appeal from the denial of a motion for injunctive relief