19 F.3d 25
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ARIZONA STATE CARPENTERS PENSION TRUST FUND, a Trust, et
al., Plaintiffs-Appellees,
v.
David Randall JENKINS, Appellant,
v.
William E. MILLER, and Georgia Miller, et al., Defendants.
 No. 92-16730.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1994.*
Decided March 2, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Randall Jenkins (Jenkins) appeals the district court's order compelling him to produce certain documents relevant to an action by Arizona State Carpenters Pension Trust Fund (ASCPTF or Trust) to recover losses sustained in connection with approximately 100 real estate related investments made on behalf of ASCPTF in violation of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Sec. 1001, et seq., and other federal and state securities and racketeering laws. Because Jenkins, a nonparty in the ASCPTF action, has not appealed a final order, we dismiss this appeal for lack of jurisdiction.
 
 
 3
 "The general rule is that orders denying non-parties protection from discovery are not final orders appealable under 28 U.S.C. Sec. 1291." Estate of Domingo v. Republic of Philippines, 808 F.2d 1349, 1350 (9th Cir.1987); see also City of Las Vegas v. Foley, 747 F.2d 1294, 1297 (9th Cir.1984) (discovery order is interlocutory and non-appealable under Sec. 1291). Because an order compelling discovery is not final, "a party not wishing to comply ... must risk a contempt order before it may appeal." In Re Nat'l Mortgage Equity Corp., 821 F.2d 1422, 1423 (9th Cir.1987). "[I]f the district court denie[s] a nonparty's motion to quash, the nonparty [can] obtain review only by electing to ignore the subpoena and appeal the ensuing contempt citation." In Re Subpoena Served on Calif. PUC, 813 F.2d 1473, 1476 (9th Cir.1987). "The requirement that a nonparty must be in contempt of court in this situation is a serious matter and serves to illustrate the strictness in applying the final judgment rule." Id. at 1476 n. 1.
 
 
 4
 In the present case, Jenkins appeals the district court's order granting ASCPTF's motion to compel production of Jenkins' tax returns and financial statements. That order is not a final, appealable order under the general rule just outlined. Because there has been no contempt citation issued as a final judgment, we lack jurisdiction to review the order to compel. See id. at 1476.
 
 
 5
 The collateral order doctrine can sometimes provide an exception to the general rule precluding review of interlocutory orders. It permits this court to review an interlocutory order if that order: "(1) conclusively determine[s] the disputed question; (2) resolve[s] an important issue separate from the merits; and (3) [is] effectively unreviewable on appeal from a final judgment." In Re Nat'l Mortgage, 821 F.2d at 1424-25. However, the collateral order doctrine is usually inapplicable in the case of pretrial discovery orders. "Although the collateral order rule has been applied in a variety of circumstances, courts have generally denied review of pretrial discovery orders." Id. at 1425 (emphasis added) (declined to exercise jurisdiction under collateral order doctrine because nonparty seeking relief from order to compel had already produced documents). The fact that review of discovery orders is not available until after resolution on the merits does not leave the distressed party entirely without remedy. He can either seek mandamus review, see Foley, 747 F.2d at 1297, or refuse to comply with the order to compel; obtain a contempt order; and then appeal. See In Re Subpoena Served on Calif. PUC, 813 F.2d at 1476.
 
 
 6
 Jenkins has not shown that he is entitled to appeal the order to compel. He has not pursued the contempt path to appellate review. Nor has he established that this case warrants review under the collateral order doctrine which is generally not applied to pretrial discovery orders. See In Re Nat'l Mortgage, 821 F.2d at 1425. Accordingly, we hold that Jenkins is bound by the general rule and decline to exercise jurisdiction.
 
 
 7
 APPEAL DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3