No. 95-4242

In re:  Grand Jury Subpoenas          *    Appeal from the United States
Duces Tecum.                           *    District Court for the Eastern
                                       *    District of Arkansas.
                                       *

Submitted:  April 17, 1996

Filed:  June 5, 1996

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.

BEAM, Circuit Judge.

Appellants Herby Branscum, Jr., P.A.[1] and Robert M. Hill appeal the district court's[2] order requiring them to pay contempt fines for failing to comply with subpoenas duces tecum.  Appellants argue that the district court lacked jurisdiction to order the payment of fines because the contempt order on which the fines were based was then the subject of an appeal to this court.  Because the order appealed from is not an appealable order, we dismiss this appeal for want of jurisdiction.

I.    BACKGROUND

This is a continuation of an appeal previously decided by this court. See In re Grand Jury Subpoenas Duces Tecum, 78 F.3d 1307 (8th Cir. 1996). The relevant facts are largely set out in our prior opinion and will be repeated here only to the extent

---

[1]Herby Branscum, Jr., P.A. is the professional association in which Herby Branscum, Jr. practices law.

[2]The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

necessary. On September 8, 1995, the district court held appellants in contempt for failing to comply with subpoenas duces tecum served upon them by the Office of Independent Counsel (OIC). Appellants were given until September 15, 1995, to comply with the subpoenas and to purge themselves of their contempt. As of that date, fines of $1,000 per day against each individual were to accrue. The district court expressly reserved the right to forgive those fines upon full compliance. Appellants immediately appealed the September 8 order to this court arguing that the district court erred in refusing to quash the subpoenas. Appellants' motions for a stay of the imposition of contempt sanctions pending appeal were denied by both the district court and this court. We have since issued an opinion upholding the validity of the subpoenas and the finding of contempt. Id.

On December 5, 1995, while the appeal from the contempt order was pending, the district court entered the order at issue here. The order required each appellant to pay $77,000 into the court registry. That amount represented the contempt fines which had accrued between September 15, 1995, and December 1, 1995. Following the December 5 order, appellants complied with the subpoenas and paid the fines. Appellants then filed this appeal. They argue that their appeal of the contempt order divested the district court of jurisdiction to require the payment of fines while the order of contempt was on appeal to this court.

## II.  DISCUSSION

### A.  Jurisdiction

The merits of this appeal concern whether the district court could enforce its contempt order by requiring appellants to pay their contempt fines. Before addressing that issue, however, we must first consider whether we have jurisdiction, that is, whether the order appealed from was a final order or was otherwise

-2-

appealable. "It is the duty of the Court of Appeals to satisfy itself as to its jurisdiction to consider an appeal, whether or not the jurisdictional issue is raised by the parties." Stewart v. Bishop, 403 F.2d 674, 677 (8th Cir. 1968).

In their jurisdictional statement, appellants cite 28 U.S.C. § 1291. That section provides for Court of Appeals jurisdiction over "all final decisions" of United States District Courts. A final order is generally one which effectively resolves the merits of the controversy and ends the litigation. Iowa Beef Processors, Inc. v. Bagley, 601 F.2d 949, 952 (8th Cir.), cert. denied, 441 U.S. 907 (1979). The order at issue here is not a final order in that sense. It is merely an interlocutory order enforcing an earlier contempt sanction. Consequently, we find that section 1291 does not confer jurisdiction.

Similarly, we fail to see how the order would come within the class of appealable interlocutory orders provided for in 28 U.S.C. § 1292. The order does not involve injunctive relief, the management of a receivership, or any other ground for appeal listed in section 1292(a), nor did appellants move for certification under section 1292(b). Therefore, we conclude that section 1292 does not confer jurisdiction.

Consequently, unless the order "falls within a statutory or judicially-created exception to the finality doctrine, appellate review at this time is premature." Iowa Beef Processors, 601 F.2d at 952. We find no alternative bases for jurisdiction. Although the collateral order doctrine, as set forth in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546-47 (1949), offers an exception to the final order requirement, the collateral order doctrine is not applicable here. The doctrine allows appeal from an otherwise nonappealable order if the issue appealed falls within a limited class of issues which, although not final, should be treated as final to end the litigation. Id. To qualify as a collateral

order, an order must: (1) conclusively determine the disputed question; (2) resolve an important issue separable from the merits; and (3) be effectively unreviewable on appeal from a final judgment. Farmland Indus. v. Frazier-Parrott Commodities, 806 F.2d 848, 850 (8th Cir. 1986); In re National Mortgage Equity Corp., 821 F.2d 1422, 1424-25 (9th Cir. 1987). The order in this case does not meet any of these requirements and, therefore, does not merit review as a collateral order.

The order also fails to fit within the narrow exception to the final order doctrine carved out by Perlman v. United States, 247 U.S. 7 (1918). Under the Perlman rationale, an immediate appeal from an otherwise nonappealable order is proper if it is unlikely that the third party affected by the order will risk a contempt citation simply to create a final order for the person asserting a privilege. In re National Mortgage Equity Corp., 821 F.2d at 1424. This case, however, does not involve the assertion of a privilege by a third party. Instead, the persons to whom the subpoenas were directed challenge the constitutionality of those subpoenas. Consequently, we conclude that the order here at issue is not an appealable order. Keeping in mind the overriding policy against piecemeal appeals, we dismiss this appeal for lack of jurisdiction. However, even if we do have jurisdiction to consider whether the district court exceeded its jurisdiction, for example, under the All Writs Act, 28 U.S.C. § 1651, appellants will suffer no harm as a result of this dismissal as they cannot prevail on the merits of that question.

**B. The Merits**

As stated above, the question here presented is whether the district court retained the jurisdiction necessary to enforce its contempt order by requiring appellants to pay their contempt fines. Because such a determination involves only a question of law, we review the district court's finding of jurisdiction de novo. A-1

-4-

Contractors v. Strate, 76 F.3d 930, 934 (8th Cir. 1996); Charchenko v. City of Stillwater, 47 F.3d 981, 982 (8th Cir. 1995). Applying that standard, we find that the district court retained such jurisdiction.

Generally, an appeal to the circuit court divests the district court of jurisdiction as to those issues involved in the appeal. Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 378-79 (1985); Board of Educ. v. Missouri, 936 F.2d 993, 995 (8th Cir. 1991). However, as this court has previously stated, an exception to the general rule of jurisdictional divestiture applies where the district court supervises a continuing course of conduct between the parties. Liddell v. Board of Educ., 73 F.3d 819, 822 (8th Cir. 1996) (citing Board of Educ. v. Missouri, 936 F.2d at 996). In this case, the need for continuing district court supervision of appellants' conduct during the pendency of the appeal was especially important. Appellants were the subjects of an ongoing investigation by the OIC. Their refusal to comply with the grand jury subpoenas duces tecum created considerable delay in the OIC's investigation.[3] Even after being held in contempt, appellants were given an opportunity to comply with the subpoenas and purge the contempt. They chose not to do so and to remain in contempt of the district court's order. Because the district court was supervising the continuing debate over appellants' compliance with the subpoenas, it should not be rendered powerless by the filing of an appeal. Therefore, we find that the district court's payment order falls within an exception to the general rule of

---

[3]The subpoenas were issued in June 1995. Appellants did not comply with those subpoenas until December 1995. Significantly, appellants' compliance was achieved only through the district court's order requiring the payment of the contempt fines.

divestiture of district court jurisdiction.[4]  See Board of Educ. v. Missouri, 936 F.2d at 996.

Another well-established exception to the general rule of jurisdictional divestiture further supports the district court's exercise of jurisdiction in this case.  The exception provides that, notwithstanding an appeal, the district court retains jurisdiction to the extent necessary to enforce its judgment which has not been stayed.  See Resolution Trust Corp. v. Smith, 53 F.3d 72, 76 (5th Cir. 1995); American Town Ctr. v. Hall 83 Assocs., 912 F.2d 104, 110-11 (6th Cir. 1990); Deering Milliken, Inc. v. FTC, 647 F.2d 1124, 1128-29 (D.C. Cir.), cert. denied, 439 U.S. 958 (1978).  Here, both the district court and this court had previously denied appellants' motion for a stay of the imposition of contempt sanctions pending appeal.  When it ordered the payment of fines, the district court did not expand upon its earlier contempt order--it simply entered the payment order in support of

---

[4]The appellants cite only two cases in support of their argument that the district court lacked jurisdiction to enter the December 5 order.  See Donovan v. Mazzola, 761 F.2d 1411, 1414 (9th Cir. 1985); Shuffler v. Heritage Bank, 720 F.2d 1141, 1145 (9th Cir. 1983).  Initially, we note that case law from the Ninth Circuit is not binding upon this court.  Secondly, we point out that other Ninth Circuit case law supports our decision.  See, e.g., Hoffman v. Beer Drivers and Salesmen's Local Union No. 888, 536 F.2d 1268, 1276-77 (9th Cir. 1976) (cited with approval in Board of Educ. v. Missouri, 936 F.2d at 996).  As the Hoffman court noted:

> [I]n the kinds of cases where the court supervises a continuing course of conduct and where as new facts develop additional supervisory action by the court is required, an appeal from the supervisory order does not divest the district court of jurisdiction to continue its supervision, even though in the course of that supervision the court acts upon or modifies the order from which the appeal is taken.

Hoffman, 536 F.2d at 1276.  Consequently, appellants' reliance on Donovan and Shuffler is misplaced.

its earlier judgment.  The district court retained this power to enforce its earlier order, notwithstanding the appeal.

**III.  CONCLUSION**

Because the order appealed from was a nonappealable order, we dismiss this appeal for lack of jurisdiction.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.