# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-2497

_____

George Deretich,                                  *
                                                  *
            Appellant,                            *
                                                  *
       v.                                         *
                                                  *
City of St. Francis; St. Francis City             *
Council Members from 1980 until                   *
the present; Steven Braastad; Robert              *
Patterson; Raymond Steinke; Dale                  *   Appeals from the United States
Frederikson; Carol Berg; Walt Hiller;             *   District Court for the
William Hawkins, individually and in              *   District of Minnesota.
his representative capacity of St.                 *
Francis City Attorney; Mateffy                    *          [UNPUBLISHED]
Engineering & Associates, Inc.,                   *
individually and in its representative            *
capacity of St. Francis City Engineer;            *
Sharon Fulkerson, individually and in             *
her representative capacity of St.                *
Francis City Clerk; Stephen M. Klein,             *
individually and in his representative            *
capacity of St. Francis City Planner;             *
Marvin E. Gustafson; Burke and                    *
Hawkins; Barna, Guzy Merrill, Hynes,              *
and Giancolo, Ltd.; Richard Merrill;              *
Steffen, Munstenteiger, Bearse, Beens,            *
Parta, and Peterson; Ronald Peterson;             *
Lester Mateffy; First National Bank of            *
Anoka; Steve Schmitt, individually and            *
in his representative capacity of First           *
National Bank of Anoka Commercial                 *

Loan Officer; Gramont Corporation,           *
a Minnesota corporation,                     *
                                             *
                 Appellees,                  *
                                             *
         v.                                  *
                                             *
Deretich & Timmons, P.A.,                    *
                                             *
                 Third Party Defendant,      *
                                             *
--------------------                         *
                                             *
City of St. Francis; Steven Braastad;        *
Robert Patterson; Raymond Steinke;           *
Dale Frederikson; Carol Berg; Walt           *
Hiller; Sharon Fulkerson; Stephen M.         *
Klein; William Hawkins; Burke and            *
Hawkins; Steffen, Munstenteiger,             *
Bearse, Beens, Parta, and Peterson;          *
Ronald Peterson; Marvin E.                   *
Gustafson; Gramont Corporation; First        *
National Bank of Anoka; Steve                *
Schmitt; Richard Merrill; Barna, Guzy        *
Merrill, Hynes, and Giancolo;                *
Norwest Bank Minnesota, N.A.; Risk           *
Enterprise Mgt.; Minnesota Lawyers           *
Mutual Insurance; Richard Merrill, as        *
Trustee of the Estate of Marvin E.           *
Gustafson,                                   *
                                             *
                 Appellees,                  *
                                             *

v.                                  *
                                    *
George Deretich; Mary Timmons       *
Sarazin, also known as Mary E.      *
Timmons,                            *
                                    *
         Appellants.                *


              _____

         No. 97-3925
              _____


Mateffy Engineering & Associates,   *
Inc., suing as Mateffy Engineering, *
Inc.; Estate of Leslie H. Mateffy, Jr.,   *
                                    *
         Appellees,                 *
                                    *
v.                                  *
                                    *
George Deretich; Mary Sarazin       *
Timmons, also known as Mary E.      *
Timmons,                            *
                                    *
         Appellants.                *

              _____

         Submitted:  May 7, 1998

         Filed:  June 19, 1998
              _____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
              _____

PER CURIAM.

In separate actions, Mateffy Engineering, Inc. and the Estate of Leslie H. Mateffy, Jr. (Mateffy), and the City of St. Francis and related parties (St. Francis) sought to renew a judgment entered in 1986 against George Deretich and Mary Timmons Sarazin (collectively defendants). The district court[1] renewed the judgment in each action, and defendants now separately appeal those orders. As both appeals necessitate resolution of the same issue of law, we address both in this opinion.

The judgment St. Francis and Mateffy sought to renew arose from a 42 U.S.C. § 1983 action brought against them by defendants in 1983. The district court[2] had dismissed that action as frivolous and granted attorneys' fees and costs to Mateffy and St. Francis. This court affirmed, and assessed appeal costs against defendants; the district court amended its prior judgment of costs to include those assessed by this court, entering the amended judgment on December 23, 1986.

Defendants did not satisfy the judgment. In September 1996, St. Francis brought an action to renew and extend the judgment, and on December 9, 1996, Mateffy brought a similar action. The district court concluded that it had ancillary jurisdiction over the actions, rejected defendants' assertion that Mateffy's action was time-barred, and renewed the judgment as to each plaintiff for ten years.

Defendants argue in both appeals that the district court erred in concluding that it had ancillary jurisdiction to renew the judgment. Specifically, they argue that although this action involves a debt on a judgment entered in federal court, the action

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

[2]The Honorable Edward J. Devitt, late a United States District Judge for the District of Minnesota.

arises independently under state law (i.e., it is an independent contract action) and thus cannot confer jurisdiction on the federal court. St. Francis and Mateffy both maintain that the court did not err in determining that it had ancillary jurisdiction, because a federal court retains jurisdiction to enforce its own judgments.

We conclude that the district court properly exercised its ancillary jurisdiction to renew the judgment. See In re Grand Jury Subpoenas Duces Tecum, 85 F.3d 372, 375 (8th Cir. 1996) (district court's finding of jurisdiction is reviewed de novo). A federal court may assert ancillary jurisdiction "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 379-80 (1994). To this end, the Supreme Court has approved the use of ancillary jurisdiction "over a broad range of supplementary proceedings . . . to assist in the protection and enforcement of federal judgments--including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances." See Peacock v. Thomas, 516 U.S. 349, 356 (1996). Such jurisdiction, however, may not extend "beyond attempts to execute, or to guarantee eventual executability of, a federal judgment." Id. at 357. Because St. Francis's and Mateffy's actions to renew the district court judgment sought simply to maintain its viability, not to extend its effect beyond the underlying judgment, these actions fall within the range of actions brought to "guarantee eventual executability" of a federal judgment.

Defendants also argue that Mateffy's action was time-barred. Under Minnesota law, an action to renew a judgment must be commenced within ten years after the entry of such judgment. See Minn. Stat. Ann. § 541.04 (West 1988) (statute of limitations); In re Sitarz, 150 B.R. 710, 724 n.20 (Bankr. D. Minn. 1993). Defendants assert that the district court should have applied Minnesota procedural law to this state-law renewal action, that under Minnesota Rule of Civil Procedure 3.01 an action is not commenced until service, and that they were not served until January 1997. We review de novo the district court's determination that Federal Rule of Civil Procedure 3

governed Mateffy's action, and thus that the action was timely, and conclude the court did not err. See Cortese v. United States, 782 F.2d 845, 849 (9th Cir. 1986) (determination regarding whether state or federal law governs action is question of law; reviewing de novo).

In diversity actions where the underlying cause of action is based on state law, federal courts apply state procedural law; thus, state law dictates the appropriate statute of limitations as well as the commencement of an action. See Walker v. Armco Steel Corp., 446 U.S. 740, 751-53 (1980). In actions brought in federal court based on a federal question, however, "[t]his requirement, naturally, does not apply." See West v. Conrail, 481 U.S. 35, 39 & n.4 (1987) (holding that even though statute of limitations was borrowed from another federal statute, Rule 3--and not commencement rule found in statute from which limitations period was borrowed--applied to action); cf. Henderson v. United States, 116 U.S. 1638, 1640-42, 1648 (1996) (in actions arising under federal law, "commenced in compliance with the governing statute of limitations, the manner and timing of serving process are generally nonjurisdictional matters of 'procedure' controlled by the Federal Rules"; concluding Fed. R. Civ. P. 4 superseded Suits in Admiralty Act provision mandating service in shorter period of time).

Although Mateffy's renewal action is not itself a federal-question action, the very basis for exercising ancillary jurisdiction over it is its close affinity to the underlying federal-question action. We thus conclude that the same procedural law--federal--applies to both actions. Under Rule 3, Mateffy's action was commenced on December 9, 1996, within ten years of the December 23, 1986 judgment it sought to renew, and was thus timely.

Accordingly, the judgments are affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.