

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-8-2005

# ADAPT v. Phila Housing Auth

Precedential or Non-Precedential: Precedential

Docket No. 04-2595

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"ADAPT v. Phila Housing Auth" (2005). *2005 Decisions*. Paper 622.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/622

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 04-2595, 04-3651, 04-3686
_____

ADAPT OF PHILADELPHIA;
LIBERTY RESOURCES, INC.;
MARIE WATSON; MARSHALL WATSON;
DIANE HUGHES

v.

PHILADELPHIA HOUSING AUTHORITY;
CARL GREENE,
In His Official Capacity as the Executive
Director of the Philadelphia Housing Authority,

Appellants Nos. 04-2595, 04-3651

RESIDENT ADVISORY BOARD, INC. (Intervenor in D.C.)

_____

ADAPT OF PHILADELPHIA;
LIBERTY RESOURCES, INC.;
MARIE WATSON; MARSHALL WATSON;

DIANE HUGHES

v.

PHILADELPHIA HOUSING AUTHORITY;
CARL GREENE,
In His Official Capacity as the Executive
Director of the Philadelphia Housing Authority,


RESIDENT ADVISORY BOARD, INC. (Intervenor in D.C.)

Appellant No. 04-3686

_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 98-cv-04609)
District Judge:  The Honorable Harvey Bartle, III

_____

ARGUED JUNE 29, 2005

Before: NYGAARD, SMITH, and FISHER, <u>Circuit</u> <u>Judges</u>.

(Filed  August 8, 2005)

Brian P. Flaherty, Esq. (ARGUED)

Abbe F. Fletman, Esq.
Andrew C. Curley, Esq.
Wolf Block Schorr & Solis-Cohen
1650 Arch Street, 22nd Floor
Philadelphia, PA 19103
  Counsel for Appellants Philadelphia Housing
  Authority, et al.

Arlene O. Freiman, Esq. (ARGUED)
Kolber & Freiman
1530 Chestnut Street, Suite 604
Philadelphia, PA 19102
  Counsel for Appellant Resident Advisory Board

Stephen F. Gold, Esq. (ARGUED)
125 South 9th Street, Suite 700
Philadelphia, PA 19107

David A. Kahne, Esq.
P. O. Box 66386
Houston, TX 77266
  Counsel for Appellees

_____

OPINION OF THE COURT

_____

3

NYGAARD, Circuit Judge.

Before us are three appeals from one case. They are the first batch in a slew of them now percolating up from the District Court in the same case. In number 04-2595, the Philadelphia Housing Authority ("PHA") appeals from a District Court order of May 10, 2004. In number 04-3651, PHA appeals from a District Court order of September 3, 2004. Both orders required PHA to provide information demonstrating compliance with a prior Settlement Agreement regarding the construction of accessible public housing in Philadelphia. Also before us is number 04-3686, Intervenor Resident Advisory Board's ("RAB") appeal from the District Court's September 3, 2004 order. Because the orders appealed from are not final and no exception to the finality rule exists, we lack jurisdiction to review them. Hence, we will dismiss all three appeals.

I.

4

In August 1998, ADAPT of Philadelphia sued PHA, claiming that there were insufficient public housing units accessible to individuals with disabilities in Philadelphia, which, it claimed, violated section 504 of the Rehabilitation Act of 1973. After a bench trial in which ADAPT prevailed, PHA appealed. During the pendency of the appeal, the parties reached a Settlement Agreement. The District Court approved, entering judgment on the Agreement on May 20, 2002 and retaining jurisdiction to enforce its terms. (J.A. at A27).

Paragraph B of the Agreement required PHA to "create 248 accessible public housing rental units," with half to be ready for occupancy no later than December 31, 2003 and the remaining units to be ready for occupancy by December 31, 2005. (Id. at A13). These units were to be in addition to those PHA was otherwise required by federal regulations to make accessible under 24 C.F.R. Part 8. (Id). Pursuant to Paragraph

5

C, PHA had a duty to "take reasonable non-discriminatory steps to maximize the utilization of [the units created under Paragraph B] by eligible households that include an individual whose disability requires the accessibility features of the particular unit, in accordance with 24 C.F.R. § 8.27." (Id. at A18). The Agreement also provided both PHA and ADAPT the right to seek judicial relief by motion to the District Court in the event of a dispute over enforcement of the Agreement. (Id. at A19, ¶ G).

On January 29, 2004, PHA notified ADAPT that it had met the December 31, 2003 deadline under Paragraph B. PHA did not provide the addresses of the accessible units it claimed fulfilled its obligations under that Paragraph. When ADAPT sought those addresses in order to verify compliance, PHA refused. The parties could not resolve the dispute and ADAPT filed a discovery motion, styled as a "motion to compel"

6

disclosure of the addresses in the District Court. On May 10, 2004, the District Court granted ADAPT's motion and entered an order requiring PHA to identify the street addresses of the accessible units it created. It also required PHA to provide a "statement identifying which of these units are not leased to households that have a person with a mobility disability that requires the accessibility features." (Id. at A3). PHA moved for reconsideration and a stay in the District Court, both of which were denied. PHA did not seek a stay with this Court but instead complied with the order by making the required disclosures. It then appealed, arguing that the order imposed an obligation not required by the Agreement.

Believing that PHA had not met its obligations under Paragraph B, during the Summer of 2004, ADAPT filed two more "motions to compel" in the District Court. In one of those motions, ADAPT sought the street addresses of each accessible

residence created pursuant to Paragraph B at the Mount Olivet and Suffolk Manor public housing projects. In the other, ADAPT sought the street addresses of each residence that PHA had made accessible at various public housing projects in accordance with the requirements of 24 C.F.R. Part 8. After ADAPT sought these disclosures, RAB, a non-profit organization advocating on behalf of all public housing residents in Philadelphia, intervened. It claimed that the requested disclosures would violate the privacy rights of the residents living in the units disclosed. The District Court granted both of ADAPT's motions on September 3, 2004. PHA again sought a stay, which was again denied by the District Court. PHA then complied with the District Court's order and appealed, arguing once more that the ordered disclosures went beyond what was required by the Agreement. RAB separately appealed as well.

8

During the pendency of these appeals, the parties have continued to litigate in the District Court, with ADAPT seeking to force PHA to comply with the Agreement.

## II.

Before we address the merits of these appeals, we are compelled to question our jurisdiction. Because PHA has complied with the District Court's orders by disclosing the disputed information, the question arises whether these appeals, in which PHA and RAB argue that disclosure should not have been required, are moot. As a general matter, "once a party has complied with a court order . . . and has not been penalized or suffered any prejudice that could be remedied on appeal, the appeal is moot." *Harris v. City of Philadelphia*, 47 F.3d 1311, 1326 (3d Cir. 1995). PHA has indeed complied with the District Court's orders and disclosed the information it now seeks to protect. We conclude, nevertheless, on the narrowest of

9

grounds, that there is a remedy available sufficient to save these appeals from being moot.

In *Church of Scientology of California v. United States*, 506 U.S. 9 (1992), the Supreme Court considered whether an appeal challenging the propriety of ordering disclosure of information is rendered moot by the appellant's disclosure of that information. The district court in that case had ordered compliance with an IRS summons regarding various tape recorded conversation. Although the tapes were handed over to the IRS and the information therein disclosed, the Supreme Court held that the case was not moot. The Court noted that, although no judgment could withdraw from the IRS the knowledge it gained from the tapes, a court could "fashion *some* form of meaningful relief." *Id*. at 12–13. According to the Court, taxpayers such as the appellant in the case have "an obvious possessory interest in their records." *Id*. at 13. That

interest, the Court held, is violated when the government inappropriately obtains those records and could be restored by an order compelling their return. Moreover, even if the government retains only copies of the tapes, a taxpayer suffers injury in the form of an affront to the taxpayer's privacy, *id*., which could be remedied with the return or destruction of the copies.

*Church of Scientology* is controlling. Although we can fashion no remedy erasing the knowledge ADAPT gained from the disclosed materials, we are able to fashion some meaningful relief. PHA has sought "return of the information" it disclosed, presumably in the form of a list it created. Were we to hold in PHA's favor, return or destruction of that information would be "*some* form of meaningful relief" to PHA, however Pyrrhic. *See id*. at 12–13. Similarly, although any violation of privacy rights RAB claims has occurred cannot now be prevented, ordering

11

return or destruction of the compilation of street addresses of the accessible units would alleviate, at least in part, any affront to the privacy rights of the individuals living in those units. *See id.* at 13. Moreover, an order prohibiting dissemination by ADAPT of the disclosed information by PHA would help prevent any future invasions of privacy. We therefore hold that none of these appeals are moot, despite PHA's disclosure of the information it seeks to protect.

Mootness is not the only jurisdictional question we must confront however. Upon our direction, the parties supplemented briefing on the question of whether the orders appealed from are final and therefore appealable, and if not, whether there exists any exception to the finality rule that we may apply here. In its briefing PHA contends, primarily, that we have jurisdiction under the collateral order doctrine. It argues in the alternative that appellate jurisdiction exists as an appeal from an order

12

granting or modifying an injunction. Neither argument has any merit whatsoever.

## A.

We have jurisdiction to review only those orders of the district courts that are considered "final." *See* 28 U.S.C. § 1291. Nonetheless, we have a narrow exception under the "collateral order doctrine," but only if the order appealed from: (1) conclusively determines the disputed question; (2) resolves an issue completely separate from the merits of the dispute; and (3) would be effectively unreviewable on appeal from a final judgment. *See, e.g., In re Ford Motor Co*., 110 F.3d 954, 958 (3d Cir. 1997) (citing *Cohen v. Beneficial Indus. Loan Corp*., 337 U.S. 541 (1949)). We apply this test stringently, as the Supreme Court has cautioned that the collateral order doctrine is a "narrow" exception to the finality requirement of section 1291 that should not be permitted to swallow the general rule.

13

*See Digital Equip. Corp. v. Desktop Direct, Inc*., 511 U.S. 863, 868 (1994).

At a minimum, these appeals fail to satisfy the "completely separate prong" of the collateral order test. The appeals now before us—as well as several others filed by PHA pending in this Court but not yet before us—all exist in the context of an ongoing proceeding in the District Court. The parties do not dispute that the subject matter of that ongoing proceeding is PHA's compliance with, and the District Court's enforcement of, the Settlement Agreement. More specifically, from our dialogue with counsel at oral argument, it appears that one issue to be resolved is whether PHA completed the disputed units by the December 31, 2003 deadline set forth in Paragraph B. Through its challenged motions, ADAPT sought evidence to determine whether PHA complied with this requirement and with the Agreement in general. Thus, the District Court's orders

granting ADAPT's motions did not resolve an issue "completely separate from the merits of the dispute." On the contrary, they resolved a discovery dispute, intertwined with the merits of an underlying action. It is well-established that unless a party is seeking to prevent the disclosure of information on the basis of trade secrets or some traditionally-recognized privilege such as attorney-client or work product, the collateral order doctrine does not permit appeal from discovery orders. *Powell v. Ridge*, 247 F.3d 520, 524 (3d Cir. 2001) (citing *Bacher v. Allstate Ins. Co.*, 211 F.3d 52, 57 (3d Cir. 2000)). Even if PHA or RAB could assert some traditionally-recognized privilege, neither could seek interlocutory appeal on the basis that immediate review is necessary to prevent disclosure. Disclosure has already occurred. We therefore hold that the second prong of the collateral order test has not been satisfied.

Nor has the third prong been met. An appeal satisfies the unreviewability prong of the collateral order doctrine when "failure to review immediately may well cause significant harm." *In re Diet Drugs Prods. Liability Litig.*, 401 F.3d 143, 159 (3d Cir. 2005). The failure to consider these appeals now would not cause any significant harm beyond that which occurred when PHA disclosed the disputed information. Nor would reviewing the orders now "unscramble the egg scrambled by [PHA's] disclosure." *See In re Ford Motor Co.*, 110 F.3d 954, 963 (3d Cir. 1997). To the extent PHA has suffered as a result of being compelled to make the disclosures, review now would not prevent that suffering. To the extent, as Intervenor RAB contends, the residents of the accessible units have had their privacy rights violated, review now would not forestall that invasion. Any harms allegedly caused by the challenged orders have already occurred. The proverbial cat is out of the bag.

16

Deferring review until a final decision is reached by the District Court would not cause additional harm.

Moreover, any harm that has already occurred would be reviewable when a final order is issued. As counsel for PHA conceded at oral argument, at some point in this saga there will be a final decision by the District Court, which will determine whether they have complied with the Agreement. When that occurs, there is no reason why PHA would necessarily be precluded from challenging whether it should have been required to disclose the disputed information. The orders are not "effectively unreviewable" on appeal from the District Court's forthcoming final order and the third prong of the collateral order doctrine has, likewise not been met.

The collateral order doctrine does not provide an exception to the finality rule here as a basis for appellate jurisdiction.

17

B.

We also reject as meritless PHA's alternative argument that appellate jurisdiction lies under 28 U.S.C. § 1292(a)(1) as an appeal from the grant or modification of an injunction. Section 1292(a)(1) provides appellate jurisdiction over "[i]nterlocutory orders of the district courts . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." An "injunction" for the purposes of that section is an order "directed to a party, enforceable by contempt, and designed to accord or protect some or all of the substantive relief sought by the complaint." *Cohen v. Bd. of Trustees*, 867 F.2d 1455, 1465 n.9 (3d Cir. 1989) (quotation omitted). As explained in Part II.A., *supra*, because the challenged motions sought evidence relating to the merits of the ongoing enforcement proceeding, the District Court's orders granting those motions were discovery orders.

18

An order compelling discovery does not grant part of the substantive relief sought and is therefore not an injunction for the purposes of section 1292(a)(1). *Hershey Foods Corp. v. Hershey Creamery Co.*, 945 F.2d 1272, 1277 (3d Cir. 1991). Accordingly, we reject PHA's proffered alternative basis for our jurisdiction.

## III.

PHA's contention that we have appellate jurisdiction over its appeals is wholly without merit. Indeed, these appeals are stark examples of why Congress, through 28 U.S.C. § 1291, has expressed a distaste for piecemeal litigation. PHA has disputed several issues resolved by the District Court and, without regard for whether they are final or whether there exists any exception to the finality rule, seem to have filed a corresponding appeal for each. As a result, this case is being litigated on appeal piece by piece, from order to order, *seriatim*. Only the first few of these

19

appeals are presently before us, but more are sure to follow.[1]

Litigating cases in this manner is undesirable for several reasons. It creates delay; it adds to the costs and efforts that must be expended by both the parties and the courts; and, as is prevalent in this case, it diminishes the coherence of the proceedings. *See Johnson v. Jones*, 514 U.S. 304, 309 (1995). Although the numerous and frequent appeals in this case have muddied its procedural waters, the record as it now stands reveals that the challenged orders are discovery orders. Those orders exist in the context of an ongoing proceeding in the District Court to enforce the Settlement Agreement. They are no different from any other order compelling the production of documents issued in a civil case. Because the collateral order doctrine does not provide an exception to finality here, *see*

---

[1] Counsel indicated that eight appeals are pending.

20

*Powell*, 247 F.3d at 524, and because no alternative basis for appellate jurisdiction exists for these appeals, we will dismiss them.