**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TRUCKSTOP.NET, LLC,
             *Plaintiff-Appellee,*

             v.

SPRINT CORPORATION,
             *Defendant-Appellant,*

SPRINT COMMUNICATIONS COMPANY,
L.P.,
             *Defendant-counter-claimant-*
                            *Appellant.*

No. 07-35123

D.C. Nos.
CV-04-00561-S-
BLW
CV-05-00138-S-
BLW

OPINION

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Argued and Submitted
June 3, 2008—Seattle, Washington

Filed October 28, 2008

Before: Melvin Brunetti, Jay S. Bybee, and
Consuelo M. Callahan, Circuit Judges.[1]

Opinion by Judge Callahan

---

[1]This case was argued before Ferguson, Brunetti and Callahan, Circuit Judges. Following Judge Ferguson's death, Judge Bybee was drawn by lot to replace Judge Ferguson. Judge Bybee has read the briefs, reviewed the record, and listened to oral argument.

**COUNSEL**

Stephen R. Thomas, Esq. (Argued), C. Clayton Gill, Esq., Moffatt, Thomas, Barrett, Rock & Fields, Chartered, for defendant-appellant Sprint Corporation and defendant-counter-claimant-appellant Sprint Communications Company L.P.

Timothy P. Getzoff, Esq. (Argued), Steven B. Andersen, Esq., Amanda K. Brailsford, Esq., Holland & Hart LLP, for plaintiff-appellee Truckstop.net L.L.C.

**OPINION**

CALLAHAN, Circuit Judge:

The threshold issue in this appeal is a rather straightforward question: Do we have appellate jurisdiction under the collateral order doctrine to review a district court's interlocutory order addressing whether an inadvertently disclosed e-mail is protected by the attorney-client privilege? We hold that because the allegedly privileged information has already been disclosed we do not have jurisdiction and thus dismiss this appeal.

**I.**

In 2003, Truckstop.net ("Truckstop") entered into an agreement with Sprint Communications Company L.P. ("Sprint Communications"), a subsidiary of Sprint Corporation. Under this agreement, Sprint Communications was to design, install, and test standardized wireless local area networks ("WLANs") at certain truck stops and provide data circuits that would allow Truckstop's customers to access the Internet through those WLANs. Truckstop filed the instant lawsuit over a dispute regarding Sprint Communications' design and installation of the WLANs.

During the course of pretrial discovery, Sprint Communications produced more than 470,000 electronic images to Truckstop. In its sixteenth supplemental production of documents, Sprint Communications inadvertently disclosed a September 2004 e-mail from Sprint employee Deborah Neal to three of her co-workers ("Neal e-mail"). The e-mail discusses Neal's impressions and recollections of a meeting with Sprint Communications' legal department, along with statements of facts derived from other sources. Once Sprint Communications realized that it had inadvertently disclosed this e-mail, it filed a Motion to Determine Privilege.

The district court ordered redacted as protected by the attorney-client privilege those portions of the Neal e-mail that either directly related to, or gave impressions based on, attorney advice, and those that recollected attorney advice for the purpose of informing others in need-to-know positions so that they could implement the attorney advice. The court found that the remaining portions of the e-mail were not protected by the attorney-client privilege because they consisted of statements that were either factual in nature or did not directly relay impressions based on or recollections of attorney advice. Sprint Communications then filed this interlocutory appeal.

## II.

**[1]** Under 28 U.S.C. § 1291, our jurisdiction is typically limited to "final decisions" of the district courts. Accordingly, the general rule is that discovery orders are interlocutory in nature and nonappealable under section 1291. *KL Group v. Case, Kay & Lynch*, 829 F.2d 909, 918 n.5 (9th Cir. 1987) (citations omitted). The Supreme Court, however, has held that under the collateral order doctrine a party may appeal from a "narrow class of decisions that do not terminate the litigation, but must, in the interest of achieving a healthy legal system, nonetheless be treated as final." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994) (internal citation and quotation marks omitted). An order is immediately appealable under the collateral order doctrine when it "(1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment." *Sell v. United States*, 539 U.S. 166, 176 (2003) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)). We have held that "[t]his determination should not be made lightly because the principle that appellate review should be deferred pending the final judgment of the district court is central to our system of jurisprudence." *United States v. Amlani*, 169 F.3d 1189, 1192 (9th Cir. 1999). "Strict application of the requirements is particularly impor-

tant because, when a court identifies an order as an appealable, collateral one, it determines the appealability of all such orders." *SEC v. Capital Consultants LLC*, 453 F.3d 1166, 1171 (9th Cir. 2006) (per curiam). "Because collateral jurisdiction requires all three elements," the court "lack[s] collateral order jurisdiction if even one [element] is not met." *McElmurry v. U.S. Bank Nat'l Ass'n*, 495 F.3d 1136, 1140 (9th Cir. 2007).

### III.

**[2]** We have recognized that a district court's order requiring the disclosure of privileged material is often "irreparable by any subsequent appeal." *UMG Recording, Inc. v. Bertelsmann AG (In re Napster, Inc. Copyright Litig.)*, 479 F.3d 1078, 1088 (9th Cir. 2007) (quoting *United States v. Griffin*, 440 F.3d 1138, 1142 (9th Cir. 2006) (internal quotation marks omitted)); *see also Bittaker v. Woodford*, 331 F.3d 715, 717-18 (9th Cir. 2003) (finding that a protective order was appealable under the collateral order doctrine because "[i]f petitioner relies on the protective order by releasing privileged materials and it turns out to be invalid, he will suffer serious prejudice during any retrial"). We have treated such orders as "effectively unreviewable on appeal from a final judgment" under the third prong of the collateral order doctrine because "[o]nce '[t]he cat is already out of the bag,' it may not be possible to get back in." *In re Napster*, 479 F.3d at 1088 (quoting *Agster v. Maricopa County*, 422 F.3d 836, 838 (9th Cir. 2005) (citation omitted)). If a party is required to comply with a district court's order requiring the disclosure of privileged material and the party is "correct in his assertion of privilege, by the time of trial he will have suffered the very harm that he seeks to avoid, namely erroneous disclosure of privileged material." *Griffin*, 440 F.3d at 1142 (internal quotation marks and citation omitted).

**[3]** However, irreparable harm from the disclosure of the allegedly privileged material has already taken place when the

material has been inadvertently disclosed. In *Bank of America v. Feldman (In re Nat'l Mortgage Equity Corp. Mortgage Pool Certificates Litig.)*, 821 F.2d 1422 (9th Cir. 1987), National Mortgage appealed the denial of a request for a protective order concerning documents that it deemed privileged. *Id.* at 1423. Bank of America filed a motion to dismiss for lack of appellate jurisdiction. *Id.* In the meantime, all of the disputed documents were turned over to Bank of America pursuant to a stipulation that they would be returned if National Mortgage succeeded in its appeal. *Id.* We declined to exercise jurisdiction under the collateral order doctrine because National Mortgage "already produced the requested documents, and [stated that] we cannot [now] restore the privilege." *Id.* at 1425.

**[4]** Our position that a district court's order concerning inadvertently disclosed documents is generally not appealable under the collateral order doctrine is also reflected in our decision in *KL Group v. Case, Kay & Lynch*, 829 F.2d 909. In that case, KL Group filed an appeal following a grant of summary judgment to Case, Kay & Lynch. On appeal, KL Group also sought review of a pretrial protective order that required it to return an inadvertently disclosed letter containing attorney-client correspondence. Case, Kay & Lynch argued that the appeal of the protective order was untimely because the protective order was a final disposition under the collateral order doctrine and thus KL Group lost its right to challenge the district court's order by failing to file an appeal within thirty days of the order. *Id.* at 918 n.5. We rejected this "unwarranted expansion of the collateral order doctrine" and stated that the court lacked appellate jurisdiction until there was a final judgment on the merits. *Id.*

The Third Circuit has taken a similar position. In *ADAPT of Philadelphia v. Philadelphia Housing Authority*, 417 F.3d 390 (3d Cir. 2005), ADAPT sought a list of public housing units accessible to individuals with disabilities from the Philadelphia Housing Authority ("PHA") to verify that PHA com-

plied with a settlement agreement. *Id.* at 392-93. The district court granted several motions to compel filed by ADAPT. *Id.* at 393. PHA complied with the court's order and then appealed. *Id.* The Third Circuit dismissed the appeal, holding that PHA failed to satisfy the "effectively unrevieweable on appeal from a final judgment" prong of the collateral order doctrine. *Id.* at 395. The court stated that "[t]he failure to consider these appeals now would not cause any significant harm beyond that which occurred when PHA disclosed the disputed information. Nor would reviewing the orders now 'unscramble the egg scrambled by [PHA's] disclosure.' " *Id.* (quoting *In re Ford Motor Co.*, 110 F.3d 954, 963 (3d Cir. 1997)).

Moreover, our decision does not conflict with the District of Columbia Circuit's decision in *In re Grand Jury Investigation of Ocean Transportation*, 604 F.2d 672 (D.C. Cir. 1979). In that case, Sea-Land Services, Inc. responded to a grand jury subpoena and inadvertently disclosed purportedly privileged documents to the Antitrust Division of the Department of Justice. It then filed an appeal from the district court's denial of a motion for the return of the alleged privileged documents. The D.C. Circuit concluded that it had appellate jurisdiction to consider Sea-Land's motion to have the documents returned under the collateral order doctrine, noting that

> Sea-Land must [be able to] pursue its claim of attorney-client privilege at [that] time in order to ensure that its claim not later become moot by reason of the documents' disclosure to third parties. Absent the present appeal, these documents could be read or shown in the course of the grand jury proceedings to witnesses who would then be free under Fed. R. Crim. P. 6(e) to disclose them.

*Id.* at 674. The appeal fell within the collateral order doctrine because the alleged irreparable harm was not the initial disclosure of the privileged materials to the government, but their possible disclosure to third parties. The appeal was Sea-

Land's only opportunity for appellate review of its privilege claim. The underlying case was a grand jury proceeding to which Sea-Land was not a party and there was no final judgment from which Sea-Land could appeal. The fact that Sea-Land's disclosure to the government took place during a grand jury proceeding and that the harm Sea-Land sought to avoid was further disclosure to third parties presents a much different scenario than the instant case.[2]

**[5]** Following our prior precedent, we hold that this court lacks appellate jurisdiction under the collateral order doctrine to consider Sprint Communications' appeal. Although Sprint Communications' inadvertent disclosure during the course of discovery of the Neal e-mail may be unfortunate, the chicken has already flown the coop — the alleged harm from disclosure has already occurred. Sprint Communications has already produced the allegedly privileged document and has not alleged any additional harm that is not effectively reviewable on appeal from a final judgment. The Supreme Court has cautioned that

> the 'narrow' exception [provided by the collateral order doctrine] should stay that way and never be

---

[2]The District of Columbia Circuit more recently decided that it had appellate jurisdiction under the collateral order doctrine to consider an emergency stay pending an expedited appeal of the district court's discovery order requiring that a party produce an allegedly privileged document that had been partially disclosed by an opinion issued by the Supreme Court of Victoria, Australia. *United States v. Philip Morris Inc.*, 314 F.3d 612, 614-15 (D.C. Cir. 2003). The court concluded that this issue was effectively unreviewable on appeal from a final judgment because the discovery order required the party to produce the entire privileged document, including those portions that had not been previously disclosed. *Id.* at 619. Thus, compliance with the discovery order mandating release of the entire document would "mak[e] the issue of privilege effectively moot." *Id.* (citations omitted). The *Philip Morris* case is similar to our decision in *In re Napster* where we found that we have appellate jurisdiction under the collateral order doctrine to consider appeals of discovery orders mandating the release of privileged documents.

> allowed to swallow the general rule, that a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated.

*Digital Equip. Corp.*, 511 U.S. at 868. Accordingly, because we hold that we lack appellate jurisdiction under 28 U.S.C. § 1291, the appeal is **DISMISSED**.