**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 29 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEITH L. NASH, | No. 17-35537 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-05851-RBL |
| v. | |
| GARRY E. LUCAS, | MEMORANDUM* |
| Defendant, | |
| and | |
| RICHARD J. BISHOP, sued in his individual and official capacity; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted January 16, 2018**

Before:    REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Keith L. Nash appeals pro se from the district court's summary judgment in

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his 42 U.S.C. § 1983 action alleging denial of access to the courts while he was a pretrial detainee. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly granted summary judgment on Nash's claim regarding the denial of a public notary because Nash failed to raise a genuine dispute of material fact as to whether defendants deprived him of an opportunity to challenge his sentence or conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996) (prison officials must provide an inmate the tools to challenge his sentence or conditions of confinement, but the loss of any other litigating capacity is constitutional).

Summary judgment on Nash's claim regarding the denial of access to the law library and legal supplies was proper because Nash was represented by court-appointed counsel in his state court proceeding at the time of the alleged deprivations. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981) (availability of court-appointed counsel satisfies the constitutional obligation to provide meaningful access to the courts).

The district court did not abuse its discretion by denying Nash's motion for reconsideration because Nash failed to establish any basis for relief. *See Sch. Dist. No. 1J Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Federal Rule of Civil Procedure 59(e) and 60(b)).

We reject as meritless Nash's contentions regarding the district court's treatment of his complaint and denial of his motions to file a surreply, for an extension of time, to compel, and to amend his complaint.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**